```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                    BLUEFIELD DIVISION
```

**JANET LIVINGSTON,**

    **Petitioner,**

v.                                                **Civil Action No. 1:05-0015**

**DEBORAH HICKEY, Warden,**
**FPC Alderson,**

    **Respondent.**

## MEMORANDUM OPINION

Pursuant to the court's Judgment Order of October 16, 2006, in which the court dismissed petitioner's application for lack of jurisdiction and indicated that an explanatory memorandum opinion would follow forthwith, the court now issues its memorandum opinion.

### I. Background

Petitioner was convicted in 1993 in the Northern District of Ohio of possessing cocaine base and marijuana with the intent to distribute (21 U.S.C. § 841(a)(1)) and of using or carrying a firearm during and in connection with a drug trafficking offense (21 U.S.C. § 924(c)). She now seeks to have her conviction of the latter offense vacated. (Doc. No. 1.) Citing Bailey v. United States, 516 U.S. 137 (1995), and other cases, she asserts that she is entitled to relief under a theory of "Actual

Innocence of violating § 924(c) under Bailey."  (Doc. No. 1 at 7.)

After exhausting the opportunities for direct review of her conviction, petitioner filed a motion to vacate her sentence under 28 U.S.C. § 2255 on April 1, 1996.  See Livingston v. United States, 2000 U.S. App. LEXIS (6th Cir. Sept. 25, 2000). Among the claims she asserted was the invalidity of her 18 U.S.C. § 924(c) conviction due to the United States Supreme Court's decision in Bailey.  On February 10, 1998, the district court denied her motion, dismissed her case, and issued her a certificate of appeal with regard to her conviction under § 924(c).  (Doc. No. 2 Ex. 1.)  Although petitioner proceeded to file several motions in the district court, all to no avail, it does not appear that she appealed the district court's dismissal of her § 2255 claim.  (See Doc. No. 11 at 4.)

On January 7, 2005, petitioner filed an application in this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, again claiming that her conviction under § 924(c) is invalid. (Doc. No. 1.)  Magistrate Judge R. Clarke VanDervort, to whom this matter was preliminarily referred, entered his Proposed Findings and Recommendation ("F & R") on January 26, 2006, recommending dismissal of petitioner's case for lack of jurisdiction.  (Doc. No. 11.)  This recommendation the magistrate

judge based on his conclusion that petitioner's claim must be construed as a successive petition under § 2255, with jurisdiction lying in the sentencing court. Petitioner filed a timely objection to the F & R on February 7, 2006, and a supplemental objection on July 18, 2006. (Doc. Nos. 12, 14.) Because petitioner's supplemental objection was filed beyond the time period provided in 28 U.S.C. § 636(b), the court has limited its de novo review under that section to petitioner's first objection, and has dismissed petitioner's supplemental objection as untimely.

## II. Analysis

As the magistrate judge explained in his F & R, 28 U.S.C. § 2255 provides the exclusive remedy for collaterally challenging the validity of federal convictions and sentences, unless a petitioner is able to show that an application under § 2255 would be inadequate or ineffective. See In re Jones, 226 F.3d 328, 332-34 (4th Cir. 2000). If the prisoner is able to make that showing, he may petition for a writ of habeas corpus under 28 U.S.C. § 2241. Id. The Fourth Circuit Court of Appeals has set forth three prerequisites for determining that the § 2255 remedy is inadequate or ineffective:

> (1) At the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;

>   (2) Subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>   (3) The prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. at 333-34.

The sole issue for the court to decide is whether petitioner has satisfied the second requirement above. Petitioner contends that two decisions, Bailey v. United States, 516 U.S. 137 (1995), and Muscarello v. United States, 524 U.S. 125 (1998), effected a change in the substantive law such that the conduct on which petitioner's conviction was based is no longer criminal. (Doc. No. 12 at 2.) Petitioner's objection stresses that, under the cases she cites, to convict a defendant under § 924(c) the Government must prove that the defendant 1) "used" or "carried" a firearm 2) during and in relation to a drug trafficking crime. (Id.)

Simply put, petitioner is reading more into the cases she cites than is warranted. She appears to argue that her case lacks the nexus required between the act of carrying a firearm and the drug trafficking offense. This nexus requirement, however, was not introduced in the cases she cites. Rather, the elements of the offense are taken from the plain language of the statute itself. See 18 U.S.C. § 924(c). Furthermore, the

-4-

"during and in relation to" language to which petitioner refers with emphasis was added to the statute in 1984.  See United States v. Bullock, 914 F.2d 1413 (10th Cir. 1990)(discussing effect of 1984 amendment and inclusion of "during and in relation to" language).  Accordingly, petitioner presents no substantive change in the law that decriminalizes the conduct supporting her § 924(c) conviction.

Indeed, the cases on which petitioner relies actually militate against her position.  In Muscarello, the United States Supreme Court determined that the transportation of a firearm in the same vehicle as the defendant, even in a locked glove compartment or in the trunk of the vehicle, is sufficient to satisfy the "carrying" prong of the "using or carrying" element of § 924(c).  Muscarello, 524 U.S. at 139.  In her underlying case, petitioner admitted having a handgun in her purse, which was in the vehicle in which she was riding.  (Doc. No. 2 Ex. 3.) As such, the Muscarello case does more to validate petitioner's § 924(c) conviction than to undermine it.

In Bailey, the Supreme Court defined "use" for purposes of § 924(c) in limited terms, holding that the Government must show active employment of the firearm in order to establish its "use." Bailey, 516 U.S. at 144.  Bailey did nothing, however, to limit the scope of conduct that will satisfy the "carrying" prong of

the first element of § 924(c), and it is this prong that unequivocally supports defendant's conviction, as United States Magistrate Judge James Gallas concluded in reviewing petitioner's earlier petition under 28 U.S.C. § 2255:

> Janet Livingston's contention on this ground is untenable. Obviously she "carried" the firearm in her purse since it was both immediately available to her and transported by her. . . . The second requirement that the act be done in relation to a drug trafficking offense is supported by more than sufficient evidence. Janet Livingston was seated [in the car] near a package containing cocaine and marijuana, and had marijuana in her purse. Consequently, Janet Livingston is not entitled to reversal of her conviction under §924(c)(1) because there was sufficient evidence to support . . . the alternate finding of "carrying" a firearm.

(Doc. No. 2 Ex. 3 (internal citation omitted).)

The court therefore concludes that petitioner has failed to satisfy the second element necessary to show that the remedy provided by 28 U.S.C. § 2255 is "inadequate or ineffective" such that she should be permitted relief under § 2241, i.e., that a substantive change in the law has decriminalized her conduct. Accordingly, her petition must be construed as a successive petition under 28 U.S.C. § 2255, with jurisdiction lying in the sentencing court.

### III. Conclusion

Because jurisdiction over this matter lies in the Northern District of Ohio, the court **DISMISSES** petitioner's Application

Under 28 U.S.C. § 2241 for Writ of Habeas Corpus (Doc. No. 1). The court further **ADOPTS** the findings and conclusions contained in Magistrate Judge VanDervort's Proposed Findings and Recommendation (Doc. No. 11), **OVERRULES** petitioner's objections thereto (Doc. Nos. 12, 14), and **DIRECTS** the Clerk to remove this matter from the court's active docket.

The Clerk is directed to forward a copy of this Memorandum Opinion to all counsel of record and petitioner, pro se.

IT IS SO ORDERED this 18th day of October, 2006.

ENTER:

*David A. Faber*
David A. Faber
Chief Judge